# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **CYNTHIA EARLY, on behalf of herself and all others similarly situated,** | **ELECTRONICALLY FILED** |
| | **CIVIL ACTION NO. 4:20-cv-01678-RLW** |
| **Plaintiff,** | |
| v. | |
| **HENRY THAYER COMPANY, INC.** | |
| **Defendant.** | |

**REPLY IN SUPPORT OF DEFENDANT HENRY THAYER COMPANY, INC.'S MOTION FOR IMMEDIATE TRANSFER TO THE WESTERN DISTRICT OF <u>PENNSYLVANIA</u>**

## TABLE OF CONTENTS

Page

I. ARGUMENT ................................................................................................................... 1

    A. The First-Filed Doctrine's Criteria is Met Here Because this Lawsuit is Duplicative of *Lisowski* ........................................................................................ 1

    B. No Compelling Circumstances Abrogate the First-Filed Rule Here. .................... 6

    C. Transfer Is the Appropriate Form of Relief ......................................................... 10

    D. In the Alternative, the First-Filed Rule Requires a Stay. .................................... 13

II. CONCLUSION ............................................................................................................... 15

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Bozic*,
    888 F.3d 1048 (9th Cir. 2018) ...............................................................................10, 11, 12

*C-Mart, Inc. v. Metro. Life Ins. Co.*,
    No. 4:13CV00052-AGF, 2013 WL 2403666 (E.D. Mo. May 31, 2013)................................13

*Carney v. Guerbet, LLC*,
    No. 4:18-CV-1494 CAS, 2018 WL 6524003 (E.D. Mo. Dec. 12, 2018) ................................12

*Ethos Grp. Consulting Servs., LLC v. Kawecki*,
    No. 3:20-CV-1488-L, 2020 WL 7828789 (N.D. Tex. Dec. 31, 2020) ..............................11, 12

*In re Falstaff Brewing Corp. Antitrust Litig.*,
    434 F. Supp. 1225 (J.P.M.L. 1977)........................................................................................12

*Gen. Comm. of Adjustment GO-386 v. Burlington N. R.R.*,
    895 F. Supp. 249 (E.D. Mo. 1995).........................................................................................12

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011)...............................................................................................................10

*Hoffman v. Blaski*,
    363 U.S. 335 (1960)...............................................................................................................10

*Keymer v. Mgmt. Recruiters Int'l, Inc.*,
    169 F.3d 501 (8th Cir. 1999) ...............................................................................................1, 5

*Kirk v. Schaeffler Grp. USA, Inc.*,
    887 F.3d 376 (8th Cir. 2018) ...................................................................................................6

*Lisowski v. Henry Thayer Co.*,
    No. 2:19-cv-1339-MJH (W.D. Pa.) ................................................................................ passim

*Martin v. Medicredit, Inc.*,
    No. 4:16-cv-01338-ERW, 2016 WL 6696068 (E.D. Mo. Nov. 15, 2016) .....................4, 5 ,14

*Moore v. Compass Grp. USA, Inc.*,
    No. 4:18CV1962 RLW, 2019 WL 4723077 (E.D. Mo. Sept. 26, 2019) ..........................10, 13

*Nicklaw v. CitiMortgage, Inc.*,
    No. 4:14CV1795 RLW, 2015 WL 13158028 (E.D. Mo. Apr. 8, 2015) ................................10

*Nw. Airlines, Inc. v. Am. Airlines, Inc.*,
   989 F.2d 1002 (8th Cir. 1993) ..................................................................................6, 10

*Orthmann v. Apple River Campground, Inc.*,
   765 F.2d 119 (8th Cir. 1985) ..........................................................................................15

*Ritchie Capital Mgmt., L.L.C. v. BMO Harris Bank, N.A.*,
   868 F.3d 661 (8th Cir. 2017) ...........................................................................................2

*Smart v. Sunshine Potato Flakes, LLC*,
   307 F.3d 684 (8th Cir. 2002) ...........................................................................................5

*Stephen W. Holaday, P.C. v. Tieman, Spencer & Hicks, L.L.C.*,
   609 S.W.3d 771 (Mo. Ct. App. 2020) ..............................................................................6

*Truinject Corp. v. Nestlé S.A.*,
   No. 4:20-CV-457, 2020 WL 6781578 (E.D. Tex. Nov. 18, 2020) .................................12

*Vacca v. Mo. Dep't of Labor & Indus. Relations*,
   575 S.W.3d 223 (Mo. 2019*), reh'g denied* (June 4, 2019), *as modified* (June 4,
   2019) ..........................................................................................................................6, 14

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964) .................................................................................................10, 13

*In re Vitamins Antitrust Litig.*,
   263 F. Supp. 2d 67 (D.D.C. 2003) .................................................................................10

*Wright v. Walden Univ., LLC*,
   No. CV 16-4037(DSD/DTS), 2017 WL 1435717 (D. Minn. Apr. 21, 2017*)* ..............3, 5, 9, 14

*Young v. L'Oreal USA, Inc.*,
   No. 20-cv-94-JSW (N.D. Cal. Jan. 15, 2021) ........................................................8, 9, 11

**Statutes**

28 U.S.C. § 1391 ...................................................................................................................12

28 U.S.C. § 1391(b)(1) .........................................................................................................12

28 U.S.C. § 1404 ...............................................................................................1, 10, 11, 12

28 U.S.C. § 1404(a) ...........................................................................................10, 11, 12, 13

Defendant Henry Thayer Company, Inc. ("Thayer"), by and through counsel, hereby files this Reply in Support of its Motion for Immediate Transfer to the Western District of Pennsylvania. Thayer's Motion seeks a straightforward application of the first-filed doctrine to give priority to the Western District of Pennsylvania as a matter of federal comity to resolve Plaintiff's duplicative litigation and forum-shopping.

Because Plaintiff cannot deny her lawsuit was filed after *Lisowski v. Henry Thayer Co.*, No. 2:19-cv-1339-MJH (W.D. Pa.), and tracks the allegations in that lawsuit, Plaintiff's opposition invokes misstatements and misrepresentations to argue Thayer should be estopped from invoking the first-filed doctrine. Not so. Estoppel applies to factual arguments; thus, Thayer's successful assertion of legal jurisdictional arguments directed to a different, out-of-state named plaintiff in *Lisowski* does not estop Thayer's legal arguments in this matter. Nor does it invalidate the need to preserve comity across the federal judiciary. And the requirements for transfer pursuant to 28 U.S.C. § 1404 do not preclude transfer under the first-filed doctrine. The first-filed doctrine exists in part to prevent litigants like Plaintiff and her counsel from dividing federal courts by eliciting conflicting rulings through forum-shopping maneuvers after a failed, earlier-filed matter. Plaintiff's opposition fails to demonstrate any meaningful differences between this suit and the claims in *Lisowski* disposed of through Thayer's motion to dismiss that would frustrate application of the first-filed doctrine. The Court should grant Thayer's Motion and transfer or stay this matter.

I.     **ARGUMENT**

A.     **The First-Filed Doctrine's Criteria is Met Here Because this Lawsuit is Duplicative of *Lisowski*.**

The first-filed doctrine applies here because this action is duplicative of the *Lisowski* action. Br. in Supp. at 10–16; *see also Keymer v. Mgmt. Recruiters Int'l, Inc.*, 169 F.3d 501, 503 n.2 (8th Cir. 1999) ("The first-filed rule gives priority, when parallel litigation has been instituted

in separate courts, to the party who first establishes jurisdiction in order to conserve judicial resources and avoid conflicting rulings."). Plaintiff argues her lawsuit is not duplicative of *Lisowski* because her proposed *classes* are not "identical" to those in *Lisowski*. Opp'n at 17. The test does not require "identical" classes, and Plaintiff provides an inaccurate description of the *Lisowski* lawsuit.

With respect to the correct test, "[p]roceedings are duplicative if the *issues* in one case substantially duplicate those raised by a case pending in another court." *Ritchie Capital Mgmt., L.L.C. v. BMO Harris Bank, N.A.*, 868 F.3d 661, 664 (8th Cir. 2017) (internal quotation marks omitted) (emphasis added). "[T]he standard does not require precise identity between the parties and actions; abstention can be warranted when proceedings are duplicative because of the *overlapping issues* and parties." *Id.* (emphasis added). A court evaluates whether there are "overlapping" issues and parties with a mind towards the "equitable considerations" of "conservation of judicial resources and comprehensive disposition of litigation." *Id.*

That test is met here because Plaintiff's central challenge in this suit concerns Thayer's trade name and use of the term "natural" on its product labels, which identically overlaps with the legal challenges at issue in Lisowski's First Amended Complaint ("FAC") and that remain at issue in Lisowski's pending motion for reconsideration. *Early* Compl. ¶ 61 ("The front label of every one of the THAYERS® Natural Remedies products state the words "Natural Remedies."); *Lisowski* FAC ¶ 73, ECF No. 5 (verbatim); *Lisowski*, Pl.'s Br. in Supp. of Mot. for Recons., at 3–6, ECF No. 23. As explained in Thayer's opening brief, the issues presented in these two lawsuits sufficiently overlap to trigger the first-filed doctrine. *See* Br. in Supp. at 10–16.

Plaintiff largely avoids addressing the actual overlap of *issues* presented in the lawsuits, resorting instead to certain misrepresentations concerning the *Lisowski* motion for reconsideration that her counsel of record in this case filed in that lawsuit. In footnote 14 of her brief, Plaintiff

states "no reconsideration was sought" for the dismissed breach of express warranty claim since that claim was "dismissed in part because plaintiff failed to provide pre-suit notice." Opp'n at 17 n.14. This is objectively false. Lisowski's motion for reconsideration specifically asked Judge Horan to reinstate parts of "Count III," *e.g.*, the claim for breach of express warranty. *Compare Lisowski*, Mot. for Recons., ECF No. 22, at 1, and *Lisowski*, Proposed Order for Mot. for Recons., ECF No. 22-1, at 1 (reconsidering Count III), *with Lisowski* FAC, at 33. Indeed, Lisowski's brief in support of his motion for reconsideration specifically argues (albeit incorrectly) that the Court erred in concluding he failed to provide pre-suit notice for claims concerning certain products. *Lisowski*, ECF No. 23, at 7 (arguing claims based on "additional Products . . . *should survive the Motion to Dismiss* because the notice of these claims was given") (emphasis added). The only way the Lisowski breach of warranty claim could be revived would be if Judge Horan reversed herself on pre-suit notice (a prerequisite to suit) *and* her conclusion that a trade name does not constitute a warranty. *Lisowski*, ECF No. 22, at 1. Thus, two federal district courts concurrently are presiding over substantially similar cases, brought by the same Plaintiff's counsel, alleging identical theories of liability, against the same defendant, for the same nationally distributed product line.[1]

Plaintiff's claim that the classes and the parties do not sufficiently overlap also ignores the legal test. Courts in this Circuit specifically have rejected the argument that there must be perfect overlap between putative classes. *See Wright*, 2017 WL 1435717, at *3 (rejecting plaintiffs'

---

[1] Despite sharing the same counsel, Plaintiff focuses heavily on the likelihood that Lisowski's motion for reconsideration will fail and the cases will no longer be duplicative. The motion for reconsideration's lack of any merit and its expected denial, while true, is not a barrier to application of the first-filed rule. *See* Br. in Supp. at 14–15. At the time of filing this brief, however, the motion for reconsideration remains pending, so both districts are currently considering the same legal question as applied to the same set of facts (the same trade name) against the same defendant. *See Wright v. Walden Univ., LLC,* No. CV 16-4037(DSD/DTS), 2017 WL 1435717, at *3 n.8 (D. Minn. Apr. 21, 2017*)* ("[T]he question before the court is whether the suits currently overlap, not whether they may hypothetically cease to overlap in the future.").

...

argument that first-filed rule should not apply because resolution of one suit would not resolve all claims of other suit because each lawsuit pled different state-wide classes).

Plaintiff cites *Martin v. Medicredit, Inc.*, a Telephone Consumer Protection Act case concerning robocalls, but this case is distinguishable. No. 4:16-cv-01138-ERW, 2016 WL 6696068, at *4 (E.D. Mo. Nov. 15, 2016). *Martin* turned in pertinent part on the variation in defendants between the first- and second-filed cases and material differences in how class membership was established. *Id.* at *4-5. For example, one suit's class description included the qualification "that the person's cellular number was obtained from a source other than the person," a characteristic lacking in the other suit's class description. *Id.* at *4. That is certainly not the case here, where Thayer is the defendant in each case with overlapping putative classes of all purchasers in the United States:

|  | *Lisowski* Initial Compl. ¶ 77 | *Lisowski* Am. Compl. ¶ 86 | *Lisowski* 2nd Am. Compl. ¶ 50 | *Early* Compl. ¶ 69 |
|---|---|---|---|---|
| Class Definition | a. Pennsylvania Class: All persons who purchased Defendant's Products within the Commonwealth of Pennsylvania and within the applicable statute of limitations period.<br><br>b. Nationwide Class: All persons who purchased Defendant's Products within the United States and within the applicable statute of limitations period (collectively, the "Classes" and "Class Members"). | a. Pennsylvania Class: All persons who purchased Defendant's Products within the Commonwealth of Pennsylvania and within the applicable statute of limitations period.<br><br>b. Maryland Class: All persons who purchased Defendant's Products within the State of Maryland and within the applicable statute of limitations.<br><br>c. Nationwide Class: All persons who purchased Defendant's Products within the United States and within the applicable statute of limitations period (collectively, the "Classes" and "Class Members"). | a. Pennsylvania Class: All persons who purchased Defendant's Products within the Commonwealth of Pennsylvania and within the applicable statute of limitations period.<br><br>b. Nationwide Class: All persons who purchased Defendant's Products within the United States and within the applicable statute of limitations period (collectively, the "Classes" and "Class Members"). | a. Missouri Subclass: All persons who purchased Defendant's Products within the State of Missouri and within the applicable statute of limitations period;<br><br>b. Nationwide Class: All persons who purchased Defendant's Products within the United States and within the applicable statute of limitations period (collectively, the "Classes" and "Class Members"). |

*See also* Br. in Supp. at 7 (discussing class descriptions).

Plaintiff's statements in her brief that neither *Lisowski* nor this action involve nationwide classes are demonstrably false, as demonstrated by the pled *nationwide* classes referenced in the above chart. *See* Opp'n at 17 ("*Lisowski* case, in its current form, only contains claims of Pennsylvania residents"), at 17 ("Even if reconsideration were granted, the case would still only

-4-

entail claims of Pennsylvania residents"), at 10 ("this case—focused on Missouri law and concerning Missouri residents"). Even Lisowski's breach of warranty claim (currently dismissed but the subject of a motion for reconsideration) is brought "on behalf of the members of the proposed Class*es*." *Lisowski* FAC ¶ 121 (emphasis added). "Classes" is plural because Lisowski pled putative state classes *and a putative nationwide class*. *Id.* ¶ 86(c).[2] Thus, Plaintiff's statement that *Lisowski* is limited to Pennsylvania residents simply is not true.

Plaintiff acknowledges that the first-filed doctrine is appropriate when "a determination in one action should leave little or nothing to be determined in the other." Opp'n at 16 (citing *Martin*, 2016 WL 6696068, at *5). Despite citing this language from *Martin*, Plaintiff fails to explain how there would (or could) be anything left of *this* case if the same determinations in Judge Horan's November 17, 2020, decision were applied to this Plaintiff's suit. Indeed, Plaintiff's only chance of surviving Thayer's pending motion to dismiss is if this Court *disagrees* with Judge Horan's November 17, 2020, decision, and issues a conflicting ruling. The Court should invoke the first-filed doctrine and reject Plaintiff's attempt to forum shop another federal judge's decision while that case is actively being litigated. Because the first-filed doctrine[3] applies here, the only remaining questions are (1) whether any compelling reason abrogates application of the doctrine (there is none), and (2) whether the appropriate remedy is a transfer or a stay.

---

[2] Lisowski's unjust enrichment claim in the Second Amended Complaint also is brought on behalf of a putative nationwide class. *See* 2d Am. Compl. ¶¶ 50(b), 72.

[3] Plaintiff appears to object to the use of the term "rule" based on *Smart v. Sunshine Potato Flakes, LLC*, which explained that the first-filed "factor" was designed for determining "which *federal* court should proceed" when there is parallel litigation in *federal* court. 307 F.3d 684, 687 (8th Cir. 2002); *contra Keymer*, 169 F.3d at 503 n.2 (referring to the first-filed "rule"). Thayer uses the term "doctrine" here, but it is a distinction without a difference.

B.      **No Compelling Circumstances Abrogate the First-Filed Rule Here.**

"The prevailing standard is that 'in the absence of compelling circumstances,' the first-filed rule should apply." *Nw. Airlines*, *Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982)).  Plaintiff seeks to evade application of the first-filed rule on the basis of "judicial estoppel" because Thayer sought dismissal of a Maryland-resident named plaintiff from the *Lisowski* proceedings months before this action was filed.  Opp'n at 7–8.  Like the first-filed doctrine, judicial estoppel is an equitable doctrine "designed to preserve the dignity of the courts and insure order in judicial proceedings." *Vacca v. Mo. Dep't of Labor & Indus. Relations*, 575 S.W.3d 223, 231 (Mo. 2019*), reh'g denied* (June 4, 2019), *as modified* (June 4, 2019).[4]  Judicial estoppel applies to prevent parties from "taking inconsistent positions in two different proceedings," *id.* at 225, but it is only applicable to inconsistent *factual* assertions," *id.* at 238 (emphasis added).  Because Thayer did not make inconsistent factual assertions in *Lisowski* and this lawsuit, judicial estoppel is inapplicable and does not abrogate application of the first-filed doctrine.

Plaintiff argues that Thayer's request to dismiss the Maryland named plaintiff from the *Lisowski* action in March 2020 for lack of personal jurisdiction is a "clearly inconsistent position" to its request now to either transfer Plaintiff's claims to WDPA or temporarily stay this action. Opp'n at 8.  Plaintiff's argument does not get off the ground because it is based on Thayer's arguments, not factual assertions.  *See Stephen W. Holaday, P.C. v. Tieman, Spencer & Hicks, L.L.C.*, 609 S.W.3d 771, 781 (Mo. Ct. App. 2020) ("*Vacca* stated that '[j]udicial estoppel applies

---

[4] Despite Plaintiff's discussion of U.S. Supreme Court jurisprudence of federal judicial estoppel, in this diversity case, [the Court] appl[ies] the Missouri law of judicial estoppel. *Kirk v. Schaeffler Grp. USA, Inc.*, 887 F.3d 376, 383 (8th Cir. 2018). "The factors identified in [U.S. Supreme Court jurisprudence] are guideposts, not elements, intended to assist courts in identifying when judicial estoppel should be applied to preserve the integrity of the judicial process and prevent litigants from playing "fast and loose" with the courts." *Vacca*, 575 S.W.3d at 236.

to prevent inconsistent *factual* assertions.'" (quoting *Vacca*, 575 S.W.3d at 238)); *see also* Opp'n at 10 ("In a diversity case, like the one *sub judice*, a court shall apply Missouri's law of judicial estoppel.").

But the biggest problem with Plaintiff's argument is that it conflates decisions with respect to two different plaintiffs made at different times based on vastly different circumstances. Plaintiff necessarily assumes that when the Maryland named plaintiff joined the *Lisowski* lawsuit in February 2020, Thayer also knew that Plaintiff's counsel would wait until losing a motion to dismiss to shop claims to other judges. In fact, Thayer's position in the *Lisowski* motion to dismiss briefing was that the Maryland named plaintiff was "free to continue as a putative class member if this action [*Lisowski*] is not dismissed in its entirely, *or to pursue his own claims* in a court of competition jurisdiction if he believes (as Thayer does) that certification would be inappropriate or that Lisowski will not adequately represent his interests." *Lisowski*, Def.'s Reply Br. at 6–7, ECF No. 9 (emphasis added). This is far from an endorsement of serial class actions, as it presumes a Maryland lawsuit would be an individual lawsuit. Thayer certainly did not "waive" the first-filed doctrine as a legal and equitable basis to dismiss or stay any such copycat claims whether asserted by the Maryland plaintiff or anyone else.

By virtue of its role as defendant, Thayer can only react to pleadings before it. Of course, the timing of these events speaks for itself. The Maryland plaintiff was dismissed from the *Lisowski* action on November 17, 2020, in the same opinion that determined the "Natural" claims (which were identical between Garner and Lisowski except brought under each state's respective consumer protection statute) lacked merit. Tellingly, the Maryland plaintiff has not pursued his own claims in Maryland. Someone completely new—Plaintiff here—filed a lawsuit in a completely different state only *after* the *Lisowski* decision and parroted allegations from Lisowski's FAC, clearly seeking to forum shop another federal judge's decisions on the merits

*because* she purportedly was disconnected from the *Lisowski* action.  *Accord* Opp'n at 14 (arguing *Lisowski* opinion has no preclusive effect on her because she was not "involved" in *Lisowski*).

Then, in the briefing on Thayer's motion to dismiss here, Plaintiff sought to distinguish her legal arguments from Lisowski's on the basis that (with the advantage of one swing-and-miss) she found different case law for the same arguments.  *See* Pl.'s Resp. in Opp'n to Mot. to Dismiss, ECF No. 16, at 9 ("In *Lisowski*, the court . . . held that a portion of a trade name cannot create an express warranty because plaintiff failed to cite a case establishing that a trade name could be a warranty.").[5]  It is now clear that these cases are sufficiently duplicative and do not change the result and that Plaintiff counsel's litigation strategy against Thayer was simply "to [e]licit a favorable, yet inconsistent, judgment" from this Court.  *Young v. L'Oreal USA, Inc.*, No. 20-cv-94-JSW, slip op. at 9 (N.D. Cal. Jan. 15, 2021), ECF No. 20-1.  This "is exactly what the first-to-file rule is intended to prevent."  *Id.*

Indeed, three days after Plaintiff initiated this lawsuit to elicit a different result than what Lisowski received in the WDPA, Lisowski (through the same counsel of record here) filed a motion for reconsideration seeking to revive the same legal questions his counsel had already decided to shop in the Eastern District of Missouri, thereby prompting two separate rounds of briefing before two different judges, in two different federal circuits, at nearly the same time.  *See Lisowski*, Pl.'s Mot. for Recons., ECF No. 22.  The result: redundant requests for judicial rulings concurrently pending on the dockets of two federal district courts.  Thayer, as defendant, remains in the role of "catcher" for Plaintiff's and Lisowski's change-up pitches.  Regardless of the reality

---

[5] As indicated in the briefing on the motion to dismiss, the "new" cases Plaintiff identified in this litigation do not require a different outcome than *Lisowski* because Plaintiff's newly discovered cases are all distinguishable. *See* Def.'s Reply in Supp. of Mot. to Dismiss, ECF No. 17.

that judicial estoppel only applies to inconsistent factual assertions, Thayer's legal argument for application of the first-filed doctrine is far from "inconsistent" with its arguments in *Lisowski*.

Lastly, application of the first-filed doctrine does not "frustrate[]" the purpose of Rule 23 because its application does not deprive Plaintiff from adjudication of her claims. Opp'n at 15. Plaintiff erroneously interprets Thayer's brief as seeking to "preclude" Plaintiff's claims. *See id.* at 14 ("HTC claims that *Lisowski* is an 'adverse ruling' . . . on this case."). This is wrong. Under a transfer, Plaintiff's claims would be adjudicated by Judge Horan. Under a stay, this Court would hold the case in abeyance until *Lisowski* was resolved, and then this Court would adjudicate Plaintiff's claims with the benefit of a final decision (including any appeals) by another federal court and, if the parties proceeded to discovery in this case, the benefit of any prior discovery production in *Lisowski*. Thayer does not argue that Judge Horan's November 17, 2020, decision binds "millions of potential claimants" and "every single federal district in the country," nor does the first-filed doctrine sanction such result. Opp'n at 15. Thayer merely argues that when multiple lawsuits are filed with substantially similar parties, alleging the same legal theories based on the same facts, federal judges should not be put in a position to duplicate judicial efforts, risking concurrent and conflicting rulings, circuit splits, and overlapping class claims, and defendants should not be forced to engage in Groundhog Day litigation across the 50 states. Plaintiff's argument that the first-filed doctrine "frustrates the purpose of Rule 23" is baseless because the first-filed rule is routinely invoked in the class action context. *See* Br. in Supp. at 11–14 (citing cases applying first-filed doctrine to putative class actions, including *Young*, No. 20-cv-94-JSW; *Wright*, 2017 WL 1435717).

Because there are no compelling circumstances abrogating application of the first-filed doctrine, the only remaining issue is the appropriate relief.

C.     **Transfer Is the Appropriate Form of Relief**

A court applying the first-filed rule may dismiss, stay, or transfer the case. *See Nw. Airlines, Inc.*, 989 F.2d at 1005; Br. in Supp. at 9.  Thayer advocated for transfer because it allows both cases to proceed under the supervision of the same judicial officer, enabling efficient discovery on any remaining claims and ensuring that, if any claims were to reach certification (which Thayer opposes), prospective members do not receive conflicting or duplicative class notices. *See* Br. in Supp. at 13–16.

Plaintiff argues that (a) transfer under the first-filed doctrine must satisfy the threshold inquiry of 28 U.S.C. § 1404(a), specifically that transfer may only be to a district or division where the action might have been brought initially, (b) Plaintiff is otherwise entitled to litigate "her claims" in her chosen forum, and (c) a Missouri federal judge is preferable to a Pennsylvania federal judge. Opp'n at 12–14.  These arguments crumble when viewed in context.

First, Plaintiff is conflating transfer mechanisms because Thayer did not seek transfer of venue pursuant to 28 U.S.C. § 1404(a). *See Nicklaw v. CitiMortgage, Inc.*, No. 4:14CV1795 RLW, 2015 WL 13158028, at *5 (E.D. Mo. Apr. 8, 2015) (treating request for transfer under § 1404(a) as distinct from request for transfer under first-filed rule).  Plaintiff's only basis for injecting § 1404(a)'s requirements into the first-filed doctrine is the Ninth Circuit's decision in *In re Bozic*, 888 F.3d 1048, 1054 (9th Cir. 2018).[6]  *Bozic* reasoned that "[a]lthough the first-to-file rule guides the district court's exercise of discretion in handling related cases, the requirements of § 1404(a) cabin the exercise of that discretion." *Id.*   Therefore, *Bozic* held that a court could only transfer a

---

[6] Plaintiff's other cited cases do not involve any application of the first-filed doctrine. *See In re Vitamins Antitrust Litig.*, 263 F. Supp. 2d 67, 68 (D.D.C. 2003) (defendants sought transfer under 28 U.S.C. §§ 1404(a) or 1406(b)); *Van Dusen v. Barrack*, 376 U.S. 612, 614 (1964) (defendants sought transfer under 28 U.S.C. § 1404(a)); *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960) (only addressing court's power to transfer pursuant to § 1404); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011) (not addressing venue); *Moore v. Compass Grp. USA, Inc.*, No. 4:18CV1962 RLW, 2019 WL 4723077, at *2 (E.D. Mo. Sept. 26, 2019) (defendants sought transfer under 28 U.S.C. § 1404(a)).

case pursuant to the first-filed doctrine to a district where the later-filed case "might have been brought." *Id.* (quoting 28 U.S.C. § 1404(a)). *Bozic* acknowledged that it was the first of the appellate courts to address the issue. *Id.* The Eighth Circuit Court of Appeals has not adopted *Bozic*'s holding, and other district courts have explicitly declined to follow *Bozic*, concluding its reasoning is inconsistent with the purpose of the first-filed doctrine. "[L]imiting the court's ability to transfer cases by applying the restrictions of Section 1404(a) to the first-to-file analysis undermines the rationale of the first-to-file doctrine, which is to support 'comity and sound judicial administration' among federal courts." *Ethos Grp. Consulting Servs., LLC v. Kawecki*, No. 3:20-CV-1488-L, 2020 WL 7828789, at *5 (N.D. Tex. Dec. 31, 2020) (quoting *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997)) ("[C]ourt determines, as it has before, that the first-to-file doctrine is a separate analysis from Section 1404(a)"). In that regard, despite Plaintiff's attempt to distinguish *Young v. L'Oréal* with the assertion that the transferee court was located where the defendant maintained its corporate headquarters (Opp'n at 13), the court in *Young* transferred the case solely based on the first-filed doctrine without reaching the defendant's alternative argument for transfer under § 1404(a). *Young*, *supra*, slip op. at 11 ("Seeing as the case is being transferred, the Court will not address L'Oréal's remaining argument under 28 U.S.C. section 1404(a). After all, the issue of convenience is one that should be addressed by the court in the first-filed action.").

Courts have explained that "second-filed courts" considering a transfer request have a "limited role to determine whether there is substantial overlap between the" first- and second-filed suits, which does not include an analysis under § 1404:

> A second-filed court plays a limited role when presented with a motion to transfer or stay based on the first-to-file-rule. And as the second-filed court, the Court's limited role is to determine whether there is substantial overlap between the two suits. Allowing the non-movant to bootstrap a § 1404 analysis to its response in opposition to a first-to-file motion would cause the Court to unduly encroach upon

the domain of a sister court, thereby subverting the first-to-file rule and its purpose altogether.

*Truinject Corp. v. Nestlé S.A.*, No. 4:20-CV-457, 2020 WL 6781578, at *1, 3 (E.D. Tex. Nov. 18, 2020) (internal quotation marks, citations, and alterations omitted).  Like the plaintiff in *Truinject*, Plaintiff is also attempting to "bootstrap a § 1404 analysis" in its opposition to avoid the first-to-file doctrine's objective of reducing the risk that federal courts issue conflicting decisions in substantially similar actions.  *Id.*; *see also Ethos Grp. Consulting Servs.*, 2020 WL 7828789, at *6 (Plaintiff's "attempts to block transfer of this action by raising a Section 1404(a) argument smacks of gamesmanship.").  The Court should reject this attempt and instead follow *Truinject* and *Ethos Grp. Consulting Servs,* rather than *Bozic*.[7]

Section 1391 also presents no obstacle to transfer.  Opp'n at 14-15.  Where a defendant waives personal jurisdiction, as Thayer has agreed to do for purposes of litigating Plaintiff's claims in Pennsylvania, venue is not "improper" under 28 U.S.C. § 1391.  *Carney v. Guerbet, LLC*, No. 4:18-CV-1494 CAS, 2018 WL 6524003, at *5 (E.D. Mo. Dec. 12, 2018) ("Because Liebel waived this defense, this Court may exercise personal jurisdiction over Liebel and, thus, venue is proper under 28 U.S.C. § 1391(b)(1).").  Regardless, as § 1391 concerns present no obstacle in multi-district litigation, they also should not prevent the application of the first-filed doctrine.  *See In re Falstaff Brewing Corp. Antitrust Litig.*, 434 F. Supp. 1225, 1229 (J.P.M.L. 1977) (noting improper venue is no obstacle in transferring cases to multi-district litigation where "necessary in order to eliminate the possibility of duplicative discovery and prevent inconsistent pretrial rulings").

---

[7] Over twenty-five years ago, a court in this district issued a decision that combined the § 1404 requirements with the first-filed doctrine. *See Gen. Comm. of Adjustment GO-386 v. Burlington N. R.R.*, 895 F. Supp. 249, 251 (E.D. Mo. 1995).  But, the case was not a class action, and the defendant sought transfer on the basis of § 1404(a) *and* first-filed doctrine, expressly arguing that the § 1404(a) requirements had been met.  The Court thus did not need to decide whether § 1404 expands a second-filed judge's limited role under the first-filed doctrine.  Nor did the Court have the benefit of opposing briefing on that issue.

-12-

Second, Plaintiff's choice of forum is not a factor in the first-filed analysis as explained above. The only question is whether there is overlap, which easily is answered in the affirmative here. In any event, a plaintiff's choice of forum bears less weight where that plaintiff seeks to represent a nation-wide class or when the plaintiff appears to be forum shopping. *C-Mart, Inc. v. Metro. Life Ins. Co.*, No. 4:13CV00052-AGF, 2013 WL 2403666, at *4 (E.D. Mo. May 31, 2013) (giving no deference to plaintiff's choice of forum due to nationwide class action and indications of forum shopping). Both of those factors are present here, so like *C-Mart*, the Court should give Plaintiff's choice of forum no deference at all. *Id.*; *cf. Moore*, 2019 WL 4723077, at *5 (giving deference to plaintiff's choice of forum in § 1404(a) request to transfer but no evidence of forum shopping). As to Plaintiff's alleged "unfair detriment . . . because she lives over 600 miles away" from Pittsburgh (Opp'n at 9-10), that is the same distance she has from her chosen counsel who resides there. Thayer agrees that any deposition of Ms. Early can occur either in person in or near St. Louis (if not remotely by video), eliminating any conceivable "detriment."

Finally, Plaintiff argues it is "advantageous to retain" this action "where the judges possess a more ready familiarity with the local laws." Opp'n at 10 n. 10 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 645 (1964). *Van Dusen* spoke of the advantages of local judges "to the extent that [a state's] laws are difficult or unclear," but Plaintiff fails to allege what about Missouri's laws are too "difficult or unclear" for another federal judge who is familiar with the factual allegations and other states' consumer protection statutes, breach of express warranty, and unjust enrichment. Indeed, Plaintiff's decision to initiate this lawsuit in federal court instead of Missouri state court indicates her faith that federal courts can manage her pled state law claims.

**D.**  **<u>In the Alternative, the First-Filed Rule Requires A Stay.</u>**

Plaintiff opposes a stay solely because it believes Thayer "openly offered non-resident plaintiffs to seek justice in their home forums." Opp'n at 11. As explained *supra*, Plaintiff

manipulates Thayer's response in March 2020 to the Maryland named plaintiff joining the *Lisowski* action. Thayer did not make an inconsistent argument—much less inconsistent factual assertions—or agree that it would litigate redundant *class action* lawsuits without invoking the first-filed rule. But with respect to Thayer's alternative request for a stay *in Plaintiff's home forum*, Plaintiff's invocation of judicial estoppel to avoid a stay rings hollow. This is an inappropriate invocation of the judicial estoppel doctrine, which "protect[s] the dignity of the courts rather than the rights of the parties." *Vacca*, 575 S.W.3d at 231. If the Court does not transfer this lawsuit, then it should enter a stay pending conclusion of the proceedings in *Lisowski*.

In a last-ditch effort to avoid a stay, Plaintiff relies on *Martin* for her argument that "where no class certification motion has been filed, courts are less inclined to grant a stay under the first to file factor." Opp'n at 17. *Cf. Wright v*, 2017 WL 1435717, at *3 n.8 ("[T]he question before the court is whether the suits currently overlap, not whether they may hypothetically cease to overlap in the future."). *Martin* considered class certification motions because the defendant took opposing positions in the lawsuits with respect to whether it opposed certification (which is not a concern here where any motion for certification would be opposed). *Cf.* 2016 WL 6696068, at *5. The reasons for applying the first-filed doctrine are stronger in this case *now* where motions asking the same legal questions are already pending, and the risk of conflicting rulings and duplicative judicial efforts is imminent.

This Court has broad discretion to fashion a remedy under the first-filed doctrine that balances efficient adjudication and effective use of federal resources. Transfer will ensure prompt resolution of Plaintiff's claims without duplication of judicial resources and enable the parties to most efficiently proceed through any discovery. If the Court believes it must retain jurisdiction over Plaintiff's claims, it should wait to adjudicate until there is finality in *Lisowski* to avoid concurrent litigation, especially when *Lisowski* remains in limbo pending resolution of the

Lisowski's motion for reconsideration.  To the extent Plaintiff opposes both transfer and a stay, Thayer does not object to dismissal.  *See Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985) (granting dismissal).  But at a minimum, a stay is necessary.

## II.  CONCLUSION

For the foregoing reasons, Defendant requests transfer of this action to the Western District of Pennsylvania, or, in the alternative, to stay the matter until the *Lisowski* suit has concluded.

Dated:  March 1, 2021

Respectfully submitted,

/s/ John K. Gisleson
John K. Gisleson, Esquire
(*Pro Hac Vice*) #62511(PA)
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre
Thirty-Second Floor
Pittsburgh, PA  15219-6401
(412) 560-3300 (telephone)
(412) 560-7001 (facsimile)
john.gisleson@morganlewis.com

Franco A. Corrado, Esquire
(Pro Hac Vice) #91436 (PA)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
(215) 963-5000 (telephone)
(215) 963-5001 (facsimile)
franco.corrado@morganlewis.com

J. Yasmin Tayyab, Esquire #66820(MO)
MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street
Dallas, TX 75201
(214) 466-4000 (telephone)
(214) 466-4001 (facsimile)
yasmin.tayyab@morganlewis.com

*Attorneys for Defendant Henry Thayer Company, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of March, 2021, a true and correct copy of **REPLY IN SUPPORT OF DEFENDANT HENRY THAYER COMPANY, INC.'S MOTION FOR IMMEDIATE TRANSFER TO THE WESTERN DISTRICT OF PENNSYLVANIA** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ John K. Gisleson*
John K. Gisleson, Esquire
(*Pro Hac Vice*) #62511(PA)