# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CYNTHIA EARLY, on behalf of herself and all others similarly situated, | ELECTRONICALLY FILED |
| Plaintiff, | C.A. NO. 4:20-cv-01678-RLW |
| v. | JURY TRIAL DEMANDED |
| HENRY THAYER COMPANY, INC. | |
| Defendant. | |

## PLAINTIFF'S AMENDED MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE

## TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT .................................................................................................................... 2

    A. HTC'S REQUEST SHOULD BE DENIED BECAUSE IT IS ESTOPPED FROM SEEKING TRANSFER OR STAY. ................................................................................................... 2

    B. TRANSFER IS IMPROPER BECAUSE HTC CANNOT SATISFY THE THRESHOLD INQUIRY OF 28 U.S.C.A. § 1404. ............................................................................... 7

    C. STAY REQUEST SHOULD BE DENIED BECAUSE *LISOWSKI* DOES NOT PRECLUDE NOR IS PARALLEL LITIGATION PRESENT. ............................................................................ 9

        1. *Lisowski* has no preclusive impact on this case because HTC's argument frustrates the purpose of Rule 23. ...................................................................... 9

        2. Requirements for a stay are not satisfied because there is no parallel litigation. ............................................................................................................ 11

III. CONCLUSION ............................................................................................................... 12

i

# TABLE OF AUTHORITIES

C‌ASES

*Early Success Acad., Inc. v. Nat'l Convenience Stores, Inc.*,
2007 WL 437638 (D. Colo. Feb. 5, 2007). ............................................................... 4

*Edwards v. Aetna Life Ins. Co.*,
690 F.2d 595 (6th Cir. 1982). .................................................................................. 3

*Glass v. First Nat. Bank of St. Louis*,
191 S.W.3d 662 (Mo. 2006). .................................................................................. 11

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011). ................................................................................................ 8

*Gulf Oil Corp. v. Gilbert*,
330 U.S. 501 (1947). ................................................................................................ 5

*Hoffman v. Blaski*,
363 U.S. 335 (1960). ........................................................................................... 7, 8

*In re Bozic*,
888 F.3d 1048 (9th Cir. 2018). ................................................................................ 7

*In re Vitamins Antitrust Litig.*,
263 F. Supp. 2d 67 (D.D.C. 2003). .......................................................................... 7

*Keymer v. Mgmt. Recruiters Int'l, Inc.*,
169 F.3d 501 (8th Cir. 1999). ................................................................................ 11

*Kirk v. Schaeffler Grp. USA, Inc.*,
887 F.3d 376 (8th Cir. 2018). .............................................................................. 5, 6

*K-V Pharm. Co. v. J. Uriach & CIA, S.A.*,
648 F.3d 588 (8th Cir. 2011). .................................................................................. 4

*Lisowski v. Henry Thayer Co., Inc.*,
2020 WL 6743258 (W.D. Pa. Nov. 17, 2020). ......................................................... 3

*Lisowski v. Henry Thayer Co.*,
No. 2:19-cv-1339 (W.D. Pa. filed Mar 20, 2020) .................................................... 2

*Lisowski v. Henry Thayer Co.*,
 No. 2:19-cv-1339 (W.D. Pa. filed Mar 26, 2020) -------------------------------------- 3, 6

*Martin v. Medicredit, Inc.*,
 2016 WL 6696068 (E.D. Mo. Nov. 15, 2016).--------------------------------------- 11, 12

*Moore v. Compass Grp. USA, Inc.*,
 No. 4:18CV1962 RLW, 2019 WL 4723077 (E.D. Mo. Sept. 26, 2019)---------------- 5

*New Hampshire v. Maine*,
 532 U.S. 742 (2001).------------------------------------------------------------ 3, 4, 7

*Shutte v. Armco Steel Corp.*,
 431 F.2d 22 (3d Cir. 1970).--------------------------------------------------------- 7

*Smart v. Sunshine Potato Flakes, L.L.C.*,
 307 F.3d 684 (8th Cir. 2002). ------------------------------------------------------ 11

*Smentek v. Dart*,
 683 F.3d 373 (7th Cir. 2012). ------------------------------------------------------ 10

*Smith v. Bayer Corp.*,
 564 U.S. 299 (2011).-------------------------------------------------------------- 9, 10

*Snider v. Heartland Beef, Inc.*,
 2020 WL 469382 (N.D. Ill. Jan. 29, 2020).-------------------------------------------- 9

*Taylor v. Sturgell*,
 553 U.S. 880 (2008).--------------------------------------------------------------- 10

*Vacca v. Missouri Dep't of Labor & Indus. Relations*,
 575 S.W.3d 223 (Mo. 2019). ----------------------------------------------------- 3, 4, 6

*Van Dusen v. Barrack*,
 376 U.S. 612 (1964).-------------------------------------------------------------- 5, 7

S<small>TATUTES</small>

28 U.S.C.A. § 1391(b). ------------------------------------------------------------- 8, 9

28 U.S.C.A. § 1391(d). --------------------------------------------------------------- 8

28 U.S.C.A. § 1404(a). --------------------------------------------------------------- 7

I.      INTRODUCTION

In its reply brief, HTC raised multiple new arguments. One argument concerned allegations of forum shopping. The forum shopping issue was so fundamental to its reply that HTC needed to attached two exhibits in support.[1] In her request for sur-reply, Ms. Early mentions this new argument as a basis for filing her sur-reply. HTC, recognizing that it raised new arguments in its reply brief, filed this transfer request five minutes before filing its opposition to Ms. Early's request to file a sur-reply.

This quickly drafted transfer (or stay) request should be denied because HTC is estopped from making these arguments. Even if HTC had not fought vigorously to avoid out-of-state claims in the Western District of Pennsylvania, the transfer request still fails because it fails to satisfy the threshold inquiry of 28 U.S.C.A. § 1404. Additionally, HTC's request for a stay is defective because *Lisowski* has no preclusive effect on this case and there is no ongoing parallel litigation. Granting HTC's motion would run counter to the Supreme Court of the United States, the Missouri Supreme Court, and the plain meaning of the transfer statute.

Rather than allowing HTC to flee a district where it has extracted millions of dollars from consumers, the Court should retain the case and allow the litigation to continue without further delays created by the Defendant.

---

[1] Notably, one of these exhibits was the *Young* opinion that HTC heavily relies upon in its motion for transfer.

1

## II. ARGUMENT

### A. HTC's request should be denied because HTC is estopped from seeking transfer or stay.

Assuming *arguendo* — as HTC contends — that *Lisowski* is an identical case, judicial estoppel bars HTC from seeking transfer to the Western District of Pennsylvania and for a stay from that court.[2]

In *Lisowski*, there were two plaintiffs: a Pennsylvania resident and a non-Pennsylvania resident. Plaintiffs brought claims under each state's respective consumer protection law. HTC argued that the Western District of Pennsylvania lacked jurisdiction over the non-resident plaintiff's claims because HTC was not subject to general jurisdiction nor specific jurisdiction because the non-resident claims occurred outside of Pennsylvania. Specifically, non-resident plaintiff argued for pendent personal jurisdiction of his non-Pennsylvania claims because it would support judicial economy and efficiency.[3] In response, HTC argued:

> [Non-resident plaintiff] argues that Thayer should want to litigate his claims in this action, but <u>he cannot foist his notions of efficiency</u> upon Thayer absent case-specific contacts between his personal claims and Pennsylvania (and there are none). <u>He is free to continue as a putative class member if this action is not dismissed in its entirety, or to pursue his own claims in a court of competent jurisdiction</u>…

---

[2] Plaintiff does not concede this argument. However, HTC's entire argument is premised on the assertion that *Lisowski* is identical. But, if HTC truly believes the two cases are identical, it is impossible for the request to be granted.

[3] "In fact, handling all of the claims in a single action, in a single court, would benefit HTC by not having to spend additional resources defending two actions, in two different courts, located in two different states." *Lisowski v. Henry Thayer Co.*, No. CV 19-1339, ECF No. 8 at 9-10.

*Lisowski v. Henry Thayer Co.*, No. CV 19-1339, ECF No. 9 at 6-7 (emphasis added). The court agreed with HTC's position and dismissed the non-resident plaintiff's claims for lack of personal jurisdiction.[4]

Now, HTC attempts to derive an unfair advantage and impose an unfair detriment on Ms. Early by arguing a clearly inconsistent position. Judicial estoppel prohibits HTC from making this inconsistent argument. "Judicial estoppel addresses the incongruity of allowing a party to assert a position in one tribunal and the opposite in another tribunal. If the second tribunal adopted the party's inconsistent position, then at least one court has probably been misled." *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 599 (6th Cir. 1982). Under both the rigid federal standard outlined in *New Hampshire* and the more flexible standard followed in Missouri, HTC is estopped from seeking a transfer to Pennsylvania. HTC's motion should be denied to protect "the dignity of the courts"[5] and "the integrity of the judicial process."[6]

In *New Hampshire v. Maine,* the Supreme Court of the United States outlined three factors which drive the judicial estoppel analysis. 532 U.S. 742, 743 (2001). First, the analysis focuses on whether a party's later position is clearly

---

[4] "There is no basis to assert general jurisdiction over Thayer. As regards specific jurisdiction, [non-resident plaintiff] is a Maryland resident. He purchased Thayer's products in Maryland. His alleged injuries occurred in Maryland. Therefore, Pennsylvania lacks specific personal jurisdiction over Thayer for [non-resident plaintiff's] claims." *Lisowski v. Henry Thayer Co., Inc.*, 2020 WL 6743258, at *3 (W.D. Pa. Nov. 17, 2020).
[5] *Vacca v. Missouri Dep't of Labor & Indus. Relations*, 575 S.W.3d 223, 231 (Mo. 2019), reh'g denied (June 4, 2019), as modified (June 4, 2019).
[6] *New Hampshire v. Maine*, 532 U.S. 742, 743 (2001).

3

inconsistent with its earlier position. *Id.* Second, the analysis examines whether the party was successful in persuading the court to accept this position.⁷ *Id.* Third, the analysis examines whether the party presenting this inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party. *Id.* at 749. Once a party takes truly inconsistent positions, there are no "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel." *Id.* at 751.

All three factors are present. First, HTC's position concerning jurisdiction and venue in the Western District of Pennsylvania is clearly inconsistent. Second, HTC's argument was successful because the non-Pennsylvania resident's claims were dismissed. Third, HTC would derive an unfair advantage by delaying the proceedings even further and denying Ms. Early the privilege of filing in her home district.

"[T]he plaintiff's choice of forum should rarely be disturbed." *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 598 (8th Cir. 2011).⁸ This case involves Missouri claims filed by a Missouri resident in her home district. A transfer to Pittsburgh would impose an unfair detriment on Ms. Early because she lives over

---

⁷ "[I]t was success in convincing a court to accept one's position, not ultimate success in the case." *Vacca*, 575 S.W.3d 223 at 236–37. "The previous court's acceptance of a party's argument could be either as a preliminary matter or as part of a final disposition. ... that doctrine may be applied whenever a party makes an argument with the explicit intent to induce the district court's reliance." *Id.* (internal citations omitted).

⁸ Quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). *See also Early Success Acad., Inc. v. Nat'l Convenience Stores, Inc.*, 2007 WL 437638, at *2 (D. Colo. Feb. 5, 2007).

4

600 miles away. Further, as the Supreme Court of the United States noted, "There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947). Transferring this case —focused on Missouri law and concerning Missouri residents — to Pennsylvania would lead to this exact problem.[9] A problem that is further exacerbated because the case would be stolen from a jurist with extensive experience at both appellate levels in Missouri.[10] Although not all factors are required, even under a rigid application of *New Hampshire*, HTC is estopped from seeking transfer of Ms. Early's case to the Western District of Pennsylvania.

In a diversity case, like the one *sub judice*, a court shall apply Missouri's law of judicial estoppel. *Kirk v. Schaeffler Grp. USA, Inc.*, 887 F.3d 376, 383 (8th Cir. 2018). Because judicial estoppel is a "flexible, equitable doctrine," the *New Hampshire* factors act as guideposts to assist the court and not all factors are required. *Vacca v. Missouri Dep't of Labor & Indus. Relations*, 575 S.W.3d 223, 235

---

[9] "The Court also finds that the nature of Plaintiffs' claims, which are based, in part, on the MMPA and Missouri common law, cautions against transferring this case…. In diversity of citizenship cases, in which state law provides the substantive rules of decision, it is an advantage to have that law applied by federal judges who are familiar with the governing state law. Thus, judicial familiarity—litigating in a district of the state whose law is to govern—is mentioned as a relevant factor in many cases." *Moore v. Compass Grp. USA, Inc.*, No. 4:18CV1962 RLW, 2019 WL 4723077, at *4 (E.D. Mo. Sept. 26, 2019) (internal citation omitted).

[10] "[I]t may be advantageous to retain the actions...where the judges possess a more ready familiarity with the local laws." *Van Dusen v. Barrack*, 376 U.S. 612, 645, 84 S. Ct. 805, 824, 11 L. Ed. 2d 945 (1964).

5

(Mo. 2019). The only requirement is that "the party against whom judicial estoppel is invoked must have taken inconsistent positions in two proceedings." *Id.* at 234 (citing *Kirk v. Schaeffler Group USA, Inc.*, 887 F.3d 376 (8th Cir. 2018)). As outlined previously, HTC has taken inconsistent positions concerning the Western District of Pennsylvania's jurisdiction. HTC vigorously fought venue in the Western District of Pennsylvania, and even conceded that while jurisdiction may not be proper in Pennsylvania, a non-resident plaintiff was free to pursue "claims in a court of competent jurisdiction."[11] This Court's jurisdiction is proper because all of Ms. Early's claims concern the State of Missouri. In contrast, Ms. Early has no contact – or any other connection – with the Commonwealth of Pennsylvania.

Knowing that transfer is improper, HTC requests a stay as an alternative. This too should be rejected because HTC rejected adjudication over non-resident claims in Pennsylvania and openly offered non-resident plaintiffs to seek justice in their home forums. It sought refuge from out-of-state claims, and now it fights to delay justice by deferring to the authority of the same federal district that it aggressively avoided. In other words, if HTC felt so strongly about protecting the efficiency of the court, then it should have accepted these same arguments that were presented by the plaintiffs in *Lisowski*. HTC cannot transform a shield into a sword. The stay request is estopped in the same fashion as the transfer request. Further application and review of the *New Hampshire* factors confirms that HTC's transfer and stay request must be denied to preserve the dignity and the integrity

---

[11] *Lisowski v. Henry Thayer Co.*, No. CV 19-1339, ECF No. 9 at 6-7.

of the courts. Allowing HTC to win in one court yet argue the exact opposite in this court "create[s] the perception that either the first or the second court was misled." *New Hampshire v. Maine*, 532 U.S. 742, 743 (2001).

> **B.      Transfer is improper because HTC cannot satisfy the threshold inquiry  of 28 U.S.C.A. § 1404.**

Section 1404(a) is clear:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division **where it might have been brought** or to any district or division to which all parties have consented.

28 U.S.C.A. § 1404(a) (emphasis added).

Where a claim may have been brought is the threshold inquiry for any transfer. *In re Vitamins Antitrust Litig.*, 263 F. Supp. 2d 67, 68 (D.D.C. 2003). To satisfy the statutory requirements, the transferee court must have personal jurisdiction over the claim and venue must be proper at the time it was filed. *See Van Dusen v. Barrack*, 376 U.S. 612, 619-20 (1964); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970).  This statutory requirement is not waived or altered by the first-to-file factor. *In re Bozic*, 888 F.3d 1048, 1054 (9th Cir. 2018). If a claim could not be originally brought in the transferee court, the transfer must be denied. The case *sub judice* could not have been filed in Pennsylvania. Therefore, granting HTC's transfer request would "not only do violence to the plain words of § 1404(a), but would also inject gross discrimination." *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960).

7

As Justice Whittaker outlined, "If when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of defendant, it is a district 'where (the action) might have been brought.' If he does not have that right, independently of the wishes of defendant, it is not a district 'where it might have been brought,' and it is immaterial that the defendant subsequently (makes himself subject, by consent, waiver of venue and personal jurisdiction defenses or otherwise, to the jurisdiction of some other forum)." *Id*. If Ms. Early had filed this action in an improper forum (like the Western District of Pennsylvania), HTC would cry foul that it is unjust for it to be before a court that lacks jurisdiction. If it is unfair for Goliath, surely the same applies for David.

HTC relies heavily on *Young* yet fails to address the key distinction. In *Young*, the first action was filed in the Southern District of New York where defendant operates its North American headquarters. A corporation is subject to general jurisdiction where it is incorporated or where it operates its principal place of business. *See Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 927 (2011). Further, the federal district where a company's headquarters is located provides a proper venue. 28 U.S.C.A. § 1391(b); 28 U.S.C.A. § 1391(d).  Defendant is subject to general jurisdiction in this district, and all claims can be filed within the Southern District of New York. In contrast, HTC is neither headquartered nor incorporated in Pennsylvania.

Shifting focus to specific jurisdiction, none of Ms. Early's claims involve contact with Pennsylvania. Because there is no jurisdictional basis for her claims to

8

have been brought in Pennsylvania, it is impossible for her claims to have been filed in Pennsylvania.  Further, venue in the Western District of Pennsylvania would be improper because nothing occurred in the district. This falls far short of the required "substantial part of the events." 28 U.S.C.A. § 1391(b). The address of one of her attorneys is the only thread linking her claims to the Western District of Pennsylvania. A tenuous link that does not support jurisdiction nor venue. *See Snider v. Heartland Beef, Inc.*, 2020 WL 469382, at *1 (N.D. Ill. Jan. 29, 2020) (rejecting venue where "[t]he complaint has no link – not a party, not an act, not an omission, not anything – to this judicial district. The only exception is the address of Plaintiff's counsel.")  Because Ms. Early's case could not have been filed in any district in Pennsylvania, HTC cannot satisfy the threshold question for a transfer, and the request should be denied.

### C. Stay request should be denied because *Lisowski* does not preclude nor is parallel litigation present.

#### 1. *Lisowski* has no preclusive impact on this case because HTC's argument frustrates the purpose of Rule 23.

In support of a stay, HTC claims that *Lisowski* is "an adverse ruling that carries a preclusive effect" on this case.[12] This is not correct.  Ms. Early and the plaintiffs in *Lisowski* are not identical parties. "Neither a proposed class action nor a rejected class action may bind nonparties." *Smith v. Bayer Corp.*, 564 U.S. 299, 315 (2011). She was not involved in *Lisowski*, and any attempt by HTC to assert a

---

[12] ECF No. 20 at 14-15.

9

"virtual representation" or preclusion argument fails because the Supreme Court of the United States has rejected this argument in the class context multiple times. *See Id.*; *Taylor v. Sturgell*, 553 U.S. 880, 885 (2008). HTC argues that the *Lisowski* court's decision should preclude Ms. Early's claims.

This argument frustrates Rule 23's entire purpose. If this argument were adopted, the class certification process would not be needed. A single judge in any federal district could not only bind millions of potential claimants but also bind every single federal district court in the country with a single Rule 12 decision. As ridiculous as this sounds, this is the outcome that HTC's argument would establish. While a class action approved under Rule 23 may preclude future claims, the inverse is not true. *Smith v. Bayer Corp.*, 564 U.S. 299, 315 (2011). In *Smentek v. Dart*, Judge Posner rejected this argument and noted "even two class actions involving the same class may differ materially." 683 F.3d 373, 377 (7th Cir. 2012). He continued:

> The rule urged by the defendants in this case that the denial of class certification bars the certification of the same or a similar class in a suit by a member of the same class as the previous suit might do the trick, but it would contradict the holding of *Smith v. Bayer Corp.*, which is that a class member who did not become a party to the previous parallel class action is not precluded from seeking class certification in his class action.

*Id.*

A dismissal under Rule 12 or a failed class certification under Rule 23 have no preclusive effect on unnamed members of a proposed class. While HTC may wish that prior cases preclude, this theory would nullify Rule 23's protections. If it is

10

improper to "legislate from the bench,"[13] it surely is improper to legislate from the bar.

### 2. Requirements for a stay are not satisfied because there is no parallel litigation.

The request for a stay should be denied because there is no parallel litigation as required under the first filed factor. As previously discussed, HTC rejected considerations of efficiency and now requests a stay in order to delay the proceedings involving Missouri citizens and Missouri law. It wants this Court to defer and delay its authority to wait for non-identical issues to be resolved in a foreign court.

The first filed rule is not a rule. Rather, "it is a factor that typically determines, in the absence of compelling circumstances, which of two concurrent federal court actions should proceed to judgment." *Smart v. Sunshine Potato Flakes, L.L.C.*, 307 F.3d 684, 687 (8th Cir. 2002) (internal citation omitted). The first filed factor is only implicated where "parallel litigation" occurs in two federal districts. *Keymer v. Mgmt. Recruiters Int'l, Inc.*, 169 F.3d 501, 503 n.2 (8th Cir. 1999). To constitute parallel actions, a determination in one action should leave little or nothing to be determined in the other. *Martin v. Medicredit, Inc.*, 2016 WL 6696068, at *5 (E.D. Mo. Nov. 15, 2016). An "overlapping part" of the class descriptions is insufficient to meet this burden. *Id.* at *4.

---

[13] *Glass v. First Nat. Bank of St. Louis*, 191 S.W.3d 662, 667 (Mo. 2006).

When both cases are at the early stages of litigation, and where no class certification motion has been filed, courts are less inclined to grant a stay under the first to file factor. *See Martin*, 2016 WL 6696068, at *5. Both *Lisowski* and Ms. Early's case are in the early stages of litigation where discovery has not commenced and no class certification motion has been filed. A stay is not warranted because *Lisowski* does not preclude and parallel litigation does not exist.

### III. CONCLUSION

For the foregoing reasons, the Court should deny this motion in its entirety. HTC's transfer and stay requests should be denied under the principles of judicial estoppel. Further, a transfer to the Western District of Pennsylvania would be improper because that court lacks jurisdiction over all the parties in this case. Also, HTC's preclusion argument frustrates the entirety of Rule 23. Moreover, the stay request should be denied because there is no parallel litigation.

Dated: March 10, 2021

Respectfully submitted,

/s/ Steffan T. Keeton
Steffan T. Keeton, Esq.
(*pro hac vice*)
#314635(PA)
stkeeton@keetonfirm.com

**The Keeton Firm LLC**
100 S Commons, Ste. 102
Pittsburgh, PA 15212
1-888-412-5291

/s/ Michael A. Mills
Michael A. Mills, Esq.

*(pro hac vice)*
#14161000(TX)
mickey@millsmediation.com

**The Mills Law Firm**
8811 Gaylord Drive
Suite 200
Houston, TX 77024
Phone: (832) 548-4414
Fax: (832) 327-7443

*Attorneys for Plaintiffs and the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of July 2021, a true and correct copy of this Memorandum was filed with the Court via the Electronic Case Filing System, and was served on all counsel of record through the same means.

/s/ *Steffan T. Keeton*
Steffan T. Keeton, Esq.
