IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA EARLY, on behalf of herself and all others situated, | ELECTRONICALLY FILED |
| Plaintiffs, | CIVIL ACTION NO. 4:20-cv-01678 |
| v. | |
| HENRY THAYER COMPANY, INC. | |
| Defendant. | |

**JOINT PROPOSED SCHEDULING PLAN**

Plaintiff Cynthia Early, on behalf of herself and all others situated, and Henry Thayer Company, Inc., having met and conferred through counsel, submit their Joint Proposed Scheduling Plan pursuant to the Court's July 22, 2021 Order (Doc. 28):

**1.     Nature of the Case**

This putative class action arises out of Plaintiff's alleged purchase in October 2020 of THAYER'S® Natural Remedies Rose Petal Facial Toner. Plaintiff contends she paid a price premium for this product based on her belief that the product did not contain any synthetic ingredients. She seeks to pursue a nationwide class action against Thayer over dozens of THAYER'S® Natural Remedies products, alleging that Thayer violated the Missouri Merchandising Practices Act, breached express warranties, and was unjustly enriched. Plaintiff also seeks injunctive relief. Thayer denies the allegations and raised a myriad of defenses.[1]

---

[1] Plaintiff's counsel is pursuing a similar putative class action on behalf of another individual against Thayer in the Western District of Pennsylvania related to certain Thayer's products that contain the phrase "preservative-free" on their label. *Lisowski v. Henry Thayer Co.*, 19-cv-1339 (W.D. Pa.). That case is currently in discovery.

**2.     Prospects of Prompt Settlement or Resolution of the Case**

The parties agree that the prospects of early settlement are remote, and that ADR would not be useful until after completion of discovery and briefing on Plaintiff's anticipated motion for class certification and any motion for summary judgment directed to Plaintiff's individual claims.

**3.     Proposed Discovery Plan and Schedule**

(a)     *Track Assignment:*

The Parties respectfully disagree that this case should be assigned to Track 2. As a putative class action, the parties suggest that Track 3 is more appropriate.

(b)     *Dates for Joinder of Additional Parties or Amendments of Pleadings:*

The cut-off date for joinder of additional parties and amendment of the pleadings will be no later than **September 30, 2021**.

(c)     *Discovery Plan:*

The parties propose the following discovery plan:

(i)     The parties do not anticipate extensive electronically stored information but intend to cooperate if such issues arise.

(ii)     The parties request the Court enter the proposed Rule 502(d) proposed order, attached hereto as Exhibit 1.

(iii)     The parties shall make all disclosures required by Rule 26(a)(1) no later than **September 9, 2021.**

(iv)     The parties seek to conduct discovery in two phases: in Phase 1, the parties propose to complete fact discovery for purposes of Class Certification and for purposes of Ms. Early's individual claims, culminating in deadlines and briefings for a class certification motion and/or summary judgment motions. If any claims survive or if the class is certified, the parties

2

respectfully request another case management conference with the Court to set forth a scheduling plan for Phase 2 to conduct discovery that would be appropriate only if a class is certified.

    (v) For the proposed Phase 1 of this case, the parties propose the following additional deadlines, including expert deadlines:

    (1) Plaintiff shall file her class certification motion and produce expert reports and necessary disclosures in support of class certification by **April 1, 2022.**

    (2) Deadline to complete depositions and document production of Plaintiff's experts re: class certification by **June 3, 2022.**

    (3) Deadline to file opposition to class certification motion; to produce expert reports and necessary disclosures in opposition to class certification; to file a motion for summary judgment directed to the named plaintiff's claims by **July 15, 2022.**

    (4) Deadline to complete depositions & document production of defendant's experts re: class certification by **August 20, 2022.**

    (5) Deadline to file reply in support of class certification motion; last day to oppose motion for summary judgment directed to named plaintiff's claims by **September 2, 2022.**

    (6) Deadline to file reply in support of motion for summary judgment directed to named plaintiff's claims by **September 17, 2022.**

    (7) Deadline to file Daubert Motions for class certification experts by **September 9, 2022**.

    (8) Deadline to oppose Daubert motions for class certification experts by **September 30, 2022.**

(9) Deadline to file reply in support of Daubert motions for class certification experts by **October 14, 2022.**

(vi) The presumptive limits of ten (10) depositions per side and twenty-five (25) interrogatories per party shall apply.

(vii) It is not anticipated that a physical and/or mental examination pursuant to Rule 35 will be requested by either party.

(viii) The parties propose a deadline to complete fact discovery for purposes of class certification and for purposes of the named plaintiff's individual claims by **March 18, 2022.** The parties respectfully request that if any claims survive or if the class is certified, the Court hold a Phase 2 case management conference to set forth additional necessary deadlines.

(d) *The Parties' Positions Concerning the Referral of the Action to Mediation or Early Neutral Evaluation, and When Such Referral Would Be Most Productive:*

The parties agree that the prospects of early settlement are remote, and that ADR would not be useful until after completion of discovery and briefing on Plaintiff's anticipated motion for class certification and any motion for summary judgment directed to Plaintiff's individual claims.

(e) *Dates for Filing Motions:*

Plaintiff anticipates filing a motion for class certification and Thayer anticipates filing a motion for summary judgment. The parties also believe it is likely that one or both parties may choose to file a Daubert motion. The parties propose the motion schedule set forth in Section 3.c.v above.

(f) *The Earliest Date by Which this Case Should Reasonably Be Expected to be Ready for Trial:*

4

The Parties request that the Court schedule another case management conference if any claims survive summary judgment or if the class is certified, at which time the Court may address a schedule for class notice (if any), and other open issues, as well as a schedule for any remaining motions, as applicable, including the potential timing and length of any trial.

(g)  *An Estimate of the Length of Time Expected to Try the Case to Verdict:*

The Parties suggest that estimate of the timing and length of any trial be addressed at the case management conference referenced in Section 3(f).

(h)  *Any Other Matters Counsel Deem Appropriate for Inclusion in the Joint Scheduling Plan:*

The parties anticipate there may be documents or information that will be exchanged in discovery that will require a protective order governing the confidentiality of such records, in which case the parties will work together to create a proposed protective order to present to the Court.  The parties also anticipate the potential exists for duplicative discovery between this lawsuit and the *Lisowski* lawsuit, in which case the parties will work together to eliminate redundancies in written discovery and depositions.

**4.     Disclosure of Corporate Interests**

Defendant filed its Disclosure of Corporate Interests on January 8, 2021 (Doc. 15).

**5.     Pro Se Parties**

Not applicable.

The undersigned hereby certify that a copy of the above has been circulated and discussed and stipulated to by all counsel of record.

Dated:  August 18, 2021

Respectfully submitted,

*/s/ Steffan T. Keeton*
Steffan T. Keeton, Esq. (PA314635)
(admitted *pro hac vice*)
THE KEETON FIRM LLC
100 S Commons, St. 102
Pittsburgh, PA  15219-6401
1 (888) 412-5291 (telephone)

Michael A. Mills, Esq. (TX14161000)
(admitted *pro hac vice*)
THE MILLS LAW FIRM
8811 Gaylord Drive
Suite 200
Houston, TX 77024
(832) 548-4414 (telephone)
(832) 327-7443 (facsimile)
***Counsel for Plaintiff and Class***


*/s/ John K. Gisleson*
John K. Gisleson, Esq. (PA62511) (admitted *pro hac vice*)
Katherine A. Vaky, Esq. (PA329291) (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre
Thirty-Second Floor
Pittsburgh, PA  15219-6401
(412) 560-3300 (telephone)
(412) 560-7001 (facsimile)
john.gisleson@morganlewis.com
katherine.vaky@morganlewis.com

Franco A. Corrado (PA91436) (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
215-963-5882 (telephone)
215-963-5001 (facsimile)
franco.corrado@morganlewis.com
***Counsel for Defendant Henry Thayer Company, Inc.***