**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| CYNTHIA EARLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1678 RLW |
| | ) | |
| HENRY THAYER COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CASE MANAGEMENT ORDER

This matter is before the Court following submission by the parties of a proposed joint scheduling plan.  Note: The Court's standard case management order has been substantially modified and counsel should read it carefully.  Counsel should refer to the Court's website, http://www.moed.uscourts.gov, for the Local Rules, CM/ECF Procedures Manual, Daily Docket, Forms, Courtroom Technology, Jury Plan, and Judge's Contact Information and Requirements, http://www.moed.uscourts.gov/sites/moed/files/judges/requirements/rlw.pdf.

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri,

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances:

## I.   SCHEDULING PLAN

1. This case has been assigned to Track 3 (Complex – disposition within 24 months of filing).

2. All motions for joinder of additional parties or amendment of pleadings shall be filed by **September 30, 2021**.  Motions for leave to amend must be accompanied by the proposed amended pleading.

3.  Disclosure shall proceed in the following manner:

(a)(i)  The parties shall make all disclosures required by Rule 26(a)(1), Fed. R. Civ. P., by **September 9, 2021**.

(a)(ii)  The Court will not consider general discovery objections.  All objections to written discovery must be stated with specificity, see Rules 33(b)(4), 34(b)(2)(B), Fed. R. Civ. P. For document production, an objection must state whether any responsive materials are being withheld on the basis of the objection.  See Rule 34(b)(2)(C), Fed. R. Civ. P.

(a)(iii)  For assertions of privilege or work product, for each item of information or document withheld from production in response to a written discovery request, the withholding party must serve a privilege log on opposing counsel.  See Rule 26(b)(5)(A), Fed. R. Civ. P.  The privilege log must be served simultaneously with the response to the written discovery request in which the assertion of privilege or work product is made.

(a)(iv)  The Court shall issue a separate order regarding Federal Rules of Evidence of 502(d).

4.  Discovery shall be conducted in two phases.  In Phase One, the parties shall conduct discovery related to Class Certification and Plaintiff's individual claims.  Phase Two shall occur following Plaintiff's motion for Class Certification and any motion for summary judgment on individual claims.

Phase One – Discovery

(a)(i)  Plaintiff shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed. R. Civ. P., by **December 1, 2021**, and shall make expert witnesses available for depositions and have depositions completed by **January 14, 2022.**

(a)(ii)  Defendant shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed. R. Civ. P., by **February 1, 2022**, and shall make expert witnesses available for depositions and have depositions completed by **March 15, 2022**.

(a)(iii)  Expert witnesses who are not retained or specially employed to provide expert testimony are not required to prepare reports or provide other information required by Rule 26(a)(2)(B).  Where such an expert will testify as a fact witness and also provide expert testimony, the offering party must identify the witness under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C).  The Rule 26(a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present.

(a)(iv)  The presumptive limits of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed. R. Civ. P., and twenty-five (25) interrogatories per party as set forth in Rule 33(a), Fed. R. Civ. P., shall apply.  The parties may serve up to twenty-five (25) requests for admission.

(a)(v)  Requests for physical or mental examinations of parties pursuant to Rule 35, Fed. R. Civ. P., are not anticipated.

(a)(vi)  The parties shall complete all discovery for Phase One by **April 1, 2022**. Discovery requests must be served sufficiently prior to this date to allow the full response time before the completion date.

(a)(vii)  Motions to compel shall be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above.

5.  Plaintiff's motion for class certification must be filed by **May 2, 2022**.  Defendant's response must be filed by **June 1, 2022**, or within 30 days of the filing of the class certification motion, whichever is earlier.  Plaintiff's reply must be filed by **June 15, 2022**, or within 15 days of the Defendant's filing of the response, whichever is earlier.  Any motion by Defendant under <u>Daubert</u> pertinent to class certification issues shall be filed at the same time Defendant responds to Plaintiff's class certification motion.  Any motion by Plaintiff under <u>Daubert</u> pertinent to class certification issues shall be filed with Plaintiff's Reply to Defendant's Response.

6.  Any motions to dismiss, motions for summary judgment, and motions for judgment on the pleadings must be filed by **<u>June 1, 2022</u>**.  The time limits of Local Rules 4.01(B) and (C) apply to Rule 12 motions.  For summary judgment motions, opposition briefs shall be filed by **July 1, 2022**, or within 30 days of the filing of the motion, whichever is earlier; and any reply brief shall be filed by **July 15, 2022**, or within 15 days of the filing of the opposition, whichever is earlier. Any motion by Defendant under <u>Daubert</u> pertinent to summary judgment issues shall be filed at the same time Plaintiff responds Defendant's motion for summary judgment. Any motion by Defendant under <u>Daubert</u> pertinent to summary judgment issues shall be filed with Defendant's Reply to Plaintiff's Response.

**Courtesy copies (including exhibits) of all motions for class certification to dismiss, for judgment on the pleadings, for summary judgment, and under <u>Daubert</u> shall be submitted to chambers either by mail or hand delivery**.  <u>Courtesy copies must be printed on one side of the page only</u>.

7.  The Court will issue the Phase Two Case Management Order, which will include a trial setting, after it rules on Plaintiff's Motion for Class Certification.

8.  This case shall be referred to alternative dispute resolution following the Court's ruling on Plaintiff's Motion for Class Certification.

<u>The filing of a motion (including a discovery motion, motion for class certification, motion for summary judgment, motion to dismiss, etc.) does not excuse the parties or their counsel from fully complying with this Order</u>.

Failure to comply with any part of this Order may result in the imposition of sanctions. <u>See</u> Local Rule 5.04.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>24th </u>day of August, 2021.

4