**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

CYNTHIA EARLY, on behalf of herself and
all others situated,

                    Plaintiffs,

      v.

HENRY THAYER COMPANY, INC. and
L'ORÉAL USA, Inc.

                Defendants.

ELECTRONICALLY FILED

CIVIL ACTION NO. 4:20-cv-01678

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS HENRY THAYER**
**COMPANY AND L'ORÉAL USA, INC. TO PLAINTIFFS' FIRST AMENDED**
**COMPLAINT**

Defendants Henry Thayer Company, Inc. and L'Oréal USA, Inc. ("L'Oréal USA") (jointly,

"Thayer" unless otherwise indicated) hereby answer and assert affirmative defenses to Plaintiffs'

First Amended Complaint ("FAC") as follows:

1.      Admitted in part, denied in part.  Thayer admits that it sells the "THAYERS®

Natural Remedies" brand of products through certain retailers throughout the country and its own

e-commerce site.  Thayer denies the allegations to the extent they are conclusions of law, which

are deemed denied and to which no response is required.  Thayer denies that it has engaged in

practices that are "false, misleading, and designed to deceive consumers into paying a price

premium" or otherwise acted improperly or unlawfully or violated any state law or statute.  Thayer

at all times acted properly, reasonably, and in accordance with law. Thayer denies all remaining

factual allegations.

2.      Admitted in part, denied in part.  Thayer admits that, for a period of time, it offered

for sale the listed "Products" in the State of Missouri and in the United States and that Plaintiff has

initiated a civil action seeking certain relief.  Thayer denies the allegation that it has engaged in

"deceptive and misleading business practices" "with respect to its marketing and sales" to the extent they are conclusions of law, which are deemed denied and to which no response is required. Thayer further denies that it has acted improperly or unlawfully or violated any state law or statute. Thayer at all times acted properly, reasonably, and in accordance with law.[1] Thayer denies all remaining factual allegations.

3.      Denied.  Any written marketing and advertising speaks for itself, and Thayer denies Plaintiff's characterization thereof.  By way of further response, claims based on the allegations in this paragraph concerning unspecified "marketing efforts," such as online statements have been dismissed and thus no longer are before the Court.  Therefore, no responsive pleading is required. To the extent such allegations are not deemed legal conclusions, they are denied.

4.      Denied.  Any written marketing and advertising speaks for itself, and Thayer denies Plaintiff's characterization thereof.

5.      Admitted in part, denied it part.  Thayer admits only that, for a period of time, it sold and distributed the Products.  Thayer denies the remaining allegations in this paragraph.  Any written marketing and advertising speaks for itself, and Thayer denies Plaintiff's characterization thereof.

6.      Denied.  The allegations in this paragraph contain conclusions of law, which are deemed denied and to which no response is required.  Thayer denies that its advertising and marketing campaign of Products was "false, deceptive, and misleading."  To the extent any allegations are not deemed legal conclusions, they are denied.

---

[1] Admitted in part, denied in part. Thayer admits the full list of the Products defined in this action is contained in Exhibit A but denies any allegation herein that Thayer's conduct did not accord with the law.

7.      Denied.  The allegations in this paragraph constitute conclusions of law, which are deemed denied and to which no response is required.  To the extent a response is required, Thayer lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations regarding Plaintiff's and each purported class member's individual expectations and subjective reasons for purchasing the Products and therefore denies the allegations.  It is denied, if it is alleged, that a class can be certified in this action.

8.      Denied.  Any written marketing and advertising speak for themselves, and Thayer denies Plaintiff's characterization thereof.

9.      Denied.

10.      Denied.  Thayer lacks knowledge or information sufficient to form a belief about the truth of the allegations as to the individual expectations and subjective reasons for purchases by Plaintiff and each putative class member of the Products and therefore denies the allegations.  Thayer denies that it made any misrepresentations and asserts to the contrary that it acted properly, reasonably and in good faith.  Thayer also denies as a conclusion of law to which no response is required that Plaintiff or any other purported class member suffered any injury as a result of purchasing the Products.  The remaining allegations in this paragraph are denied.

11.      Denied.  By way of further response, Thayer lacks knowledge or information sufficient to form a belief whether Plaintiff or any putative class member "paid a premium" attributable to any statement that the Products are "Natural" and denies that allegation.  Thayer also denies as a conclusion of law to which no response is required that Plaintiff or any other purported class member suffered any injury as a result of purchasing the Products.  The remaining allegations in this paragraph are denied.

12.     Admitted in part, denied in part.  Thayer admits only that Plaintiff purports to bring this action as a putative class action.  Thayer denies the allegations in this paragraph on the ground that they constitute conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations are denied.

13.     Denied.  Thayer lacks knowledge or information sufficient to form a belief about the truth of the allegations, including the individual and subjective expectations of Plaintiff, consumers, or any member of the putative class.  Additionally, the article that Plaintiff cites in this paragraph and accompanying footnote is a written document that speaks for itself and any characterization thereof is denied.

14.     Denied.  Thayer lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Additionally, the press release that Plaintiff cites in this paragraph and accompanying footnote is a written document that speaks for itself and any characterization thereof is denied.

15.     Denied.

16.     Denied.  By way of further response, the allegations in this paragraph and each of its subparts constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  In addition, the C.F.R. passages, CFNP TAP Review, Warning Letter, and articles cited in this paragraph are written documents that speaks for themselves, and any characterization thereof is denied.

17.     Admitted in part and denied in part. Thayer admits that the composition of each product differs. Thayer denies all remaining allegations.

18.     Denied.  By way of further response, Thayer denies the allegations because Plaintiff does not identify the "synthetic ingredients included in Defendant's Product" that

"can form extremely unhealthy, dangerous chemicals." By way of further response, the article that Plaintiff cites in this paragraph is a written document that speaks for itself, is taken out of context, and any characterization thereof is denied.

19.     Admitted in part, denied in part.  Thayer admits that the certain products contain Sodium Benzoate and Citric Acid as disclosed on the Products' labels.  Thayer denies the remaining allegations in this paragraph.  By way of further response, the articles cited in this paragraph are written documents that speaks for themselves, and any characterization thereof is denied.  Thayer's Products were at all times safe and appropriate for consumption.

20.     Denied.  Thayer lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  To the extent a response is required, the allegations are denied.

21.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied.  To the extent a response is required, the allegations are denied.

22.     Denied.  Thayer lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  By way of further response, the document cited in this paragraph speaks for itself, and any characterization thereof is denied.  To the extent a response is required, the allegations are denied.

23.     Denied.  Thayer lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  By way of further response, the comment to a proposed regulation cited in this paragraph speaks for itself, and any characterization thereof is denied. Furthermore, the allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied.   By way of further response, Thayer also

lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding Plaintiff's or any purported class member's individualized and subjective buying habits or practices or their individual or subjective expectations or understanding of product composition and/or their reliance and therefore denies the same. To the extent a response is required, the allegations are denied.

24.    Denied.  Thayer lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied.  Furthermore, the articles cited in this paragraph are written documents that speaks for themselves, and any characterizations thereof are denied.  By way of further response, Thayer also lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding Plaintiff's or any purported class member's individualized and subjective buying habits or practices or their individual or subjective expectations or understanding of product composition and/or their reliance and therefore denies the same. To the extent a response is required, the allegations are denied.

25.    Denied.  Thayer lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied.   By way of further response, Thayer also lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding Plaintiff's or any purported class member's individualized and subjective buying habits or practices or their individual or subjective expectations or understanding of product composition and/or their reliance and therefore denies the same.  To the extent a response is required, the allegations are denied.

26.    Denied.  Thayer lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied.  By way of further response, claims based on the allegation in this paragraph concerning the disclosure of which ingredients allegedly are "synthetic or unnatural" have been dismissed and thus no longer are before this Court.  Therefore, no responsive pleading is required. By way of further response, Thayer also lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding Plaintiff's or any purported class member's individualized and subjective buying habits or practices or their individual or subjective expectations or understanding of product composition and/or their reliance and therefore denies the same.  To the extent a response is required, the allegations are denied.

27.    Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied.   To the extent a response is required, the allegations are denied.  By way of further response, Thayer also lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding Plaintiff's or any purported class member's individualized and subjective buying habits or practices or their individual or subjective expectations or understanding of product composition and/or their reliance and therefore denies the same.

28.    Denied. By way of further response, the allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied.

29.    Denied.  Thayer denies that it made any misrepresentations and asserts to the contrary that it acted properly, reasonably and in good faith.  Thayer specifically denies that

Plaintiff or any member of the class paid a "premium" attributable to any statement that the Products are "natural." The remaining allegations in this paragraph are denied.

30.    Denied. Thayer denies the allegations in this paragraph on the ground that they constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

31.    Denied. By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, Thayer lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding the specific products referenced in this paragraph or Plaintiff's or any purported class member's individualized and subjective buying habits or practices or their individual or subjective expectations or understanding of product composition and therefore denies the same.

32.    Denied. The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied. By way of further response, Thayer also lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding Plaintiff's or any purported class member's individualized and subjective buying habits or practices or their individual or subjective expectations or understanding of product composition, and therefore denies the same. All allegations are denied.

33.    Denied. By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied. By way of further response, Thayer also lacks knowledge or information sufficient to form a belief about the truth of the allegations in

this paragraph regarding Plaintiff's or any purported class member's individualized and subjective buying habits or practices or their individual or subjective expectations or understanding of product composition and/or their reliance and therefore denies the same. Furthermore, claims based on the allegation in this paragraph concerning omissions have been dismissed and thus no longer are before this Court. Therefore, no responsive pleading is required. All allegations are denied.

34.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied. To the extent a response is required, the allegations are denied. By way of further response, Thayer also lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding Plaintiff's or any purported class member's individualized and subjective buying habits or practices or their individual or subjective expectations or understanding of product composition and/or reliance and therefore denies the same. All allegations are denied.

35.     Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied. To the extent a response is required, the allegations are denied. By way of further response, Thayer also lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding Plaintiff's or any purported class member's individualized and subjective buying habits or practices or their individual or subjective expectations or understanding of product composition and/or reliance and therefore denies the same. Further, Thayer specifically denies that it has acted improperly or unlawfully in any way, and further denies that it made "false, misleading, and deceptive misrepresentations and omissions." Furthermore, claims based on the allegation in this paragraph concerning omissions have been dismissed and thus no longer are before this Court. Therefore, no responsive pleading is required.   All allegations are denied.

36.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied.  Thayer also lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding Plaintiff's or any purported class member's individualized and subjective buying habits or practices or their individual or subjective expectations or understanding of product composition and/or reliance and therefore denies the same.   In addition, Thayer specifically denies that it has acted improperly or unlawfully in any way, and further denies that it made "false, misleading, and deceptive misrepresentations and omissions."  Thayer specifically denies that Plaintiff or any member of the class paid a "premium" attributable to any statement that the Products are "Natural."  Furthermore, claims based on the allegation in this paragraph concerning omissions have been dismissed and thus no longer are before this Court.  Therefore, no responsive pleading is required.  All allegations are denied.

37.     Denied.  The allegations in this paragraph and each subpart constitute conclusions of law to which no response is required and which therefore are denied.  Thayer also lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding Plaintiff's or any purported class member's individualized and subjective buying habits or practices or their individual or subjective expectations or understanding of product composition and/or reliance and perceived injury and therefore denies the same.  Furthermore, claims based on the allegation in this paragraph concerning omissions have been dismissed and thus no longer are before this Court.  Therefore, no responsive pleading is required.   Thayer specifically denies that Plaintiff or any member of the class paid a "premium" attributable to any statement that the Products are "Natural."  All allegations are denied.

38.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied.  Thayer also lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding Plaintiff's or any other purported class member's individualized and subjective buying habits or practices or their individual or subjective expectations or understanding of product composition and/or reliance or injury and therefore denies the same.  Thayer denies that it made "false, misleading, and deceptive representations and omissions."  Furthermore, claims based on the allegation in this paragraph concerning omissions have been dismissed and thus no longer are before this Court.  Therefore, no responsive pleading is required. All allegations are denied.

39.     Denied.

40.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied.  Thayer also is without knowledge or information sufficient to form a belief as to the "competitive products" referenced in this paragraph.  Thayer specifically denies that Plaintiff or any member of the class paid a "premium" attributable to any statement that the Products are "Natural."  All allegations are denied.

41.     Denied.

42.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied. To the extent a response is required, the allegations are denied.

43.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied.   To the extent a response is required, the allegations are denied.

44.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied.  To the extent a response is required, the allegations are denied.

45.     Denied.  Thayer lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding Plaintiff's alleged citizenship, her residence, her Product purchase history from physical retail stores or e-commerce stores unaffiliated with Thayer, any coupon use referenced in the footnote, and/or her individual and subjective reasons for purchasing the Product, including any statements that she read, heard, or considered when making a purchase.  These allegations therefore are denied.  Therefore, no responsive pleading is required.  Thayer specifically denies that Plaintiff or any member of the class paid a "premium" attributable to any statement that the Products are "natural."  All allegations are denied.

46.     Admitted in part, denied in part.  Thayer admits that it is a Delaware corporation with its principal place of business in Easton, Connecticut.  Thayer further admits that it produced, marketed, and distributed certain consumer products in particular retail stores or through certain e-commerce sites in various locations, including Missouri.  L'Oréal USA, Inc. acquired Thayer's assets on June 18, 2020, Henry Thayer Company, LLC now markets Thayers® products.  Thayer specifically denies that its marketing and advertising is "false and misleading to a reasonable consumer."  All remaining allegations are denied.

47.     Admitted in part, denied in part.  Thayer admits that L'Oréal USA is a Delaware corporation with its principal place of business in New York, New York.  Thayer further admits that L'Oréal USA acquired assets of Henry Thayer Company through an asset sale in June 2020. Thayer denied that the purchase was structured as a means to avoid liability. Thayer further admits that L'Oréal USA produces, markets, and distributes certain consumer products in particular retail

stores or through certain e-commerce sits in various locations, including Missouri. Thayer denied that is marketing and advertising is "false and misleading to a reasonable consumer." All remaining allegations are denied.

48.     Denied.   The statement in this paragraph is not an allegation to which a response is required.   To the extent the allegation in this paragraph constitutes conclusions of law, no responsive pleading is required, and the allegation is therefore denied.

49.     Denied.  The statement in this paragraph is not an allegation to which a response is required.   To the extent the allegation in this paragraph constitutes conclusions of law, no responsive pleading is required, and the allegation is therefore denied.

50.     Denied.   Thayer lacks knowledge or information sufficient to form a belief about the truth of the allegations, including the individual and subjective expectations of Plaintiff, consumers, or any member of the putative class.   Thayer specifically denies that Plaintiff or any member of the class paid a "premium" attributable to any statement that the Products are "natural."

51.     Denied.   Thayer lacks knowledge or information sufficient to form a belief about the truth of the allegations.   Additionally, the publication that Plaintiff cites in this paragraph and accompanying footnote is a written document that speaks for itself and any characterization thereof is denied.

52.     Denied.   Thayer lacks knowledge or information sufficient to form a belief about the truth of the allegations.   Additionally, the publication that Plaintiff cites in this paragraph and accompanying footnote is a written document that speaks for itself and any characterization thereof is denied.

53.     Admitted in part, denied in part.  Thayer admits that it sells "THAYERS® Natural Remedies" brand of products through certain retailers throughout the country and its own e-commerce site. Thayer denies the remaining allegations.

54.     Admitted in part, denied in part. Thayer admits that, for at least a certain a period of time, its trade name utilized for the Products is "Thayers® Natural Remedies."  Thayer denies all remaining allegations.

55.     Admitted in part, denied in part. Thayer admits that, for at least a certain a period of time, the trade name utilized for the Products has been "Thayers® Natural Remedies."  Thayer denies all remaining allegations. By way of further response, Thayer specifically denies that the Products are "labeled Natural."

56.     Denied.  Any written marketing and advertising speak for themselves, and Thayer denies Plaintiff's characterization thereof.

57.     Denied.  The allegations in this paragraph constitute conclusions of law, which are deemed denied and to which no response is required.  To the extent a response is required, any written marketing and advertising speak for themselves, and Thayer denies Plaintiff's characterization thereof.  By way of further answer, Thayer lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations regarding Plaintiff's and each purported class member's individual expectations and subjective reasons for purchasing the Products and therefore denies the allegations.

58.     Denied.  Any written marketing and advertising speak for themselves, and Thayer denies Plaintiff's characterization thereof.

59.     Denied.

60.     Denied.

61.     Denied.  This paragraph contains conclusions of law to which no responsive pleading is required and are therefore denied.  To the extent a response is required, the allegations are denied. It specifically is denied that Plaintiff's claims are appropriate for class treatment or that the putative class is appropriate, because, among other reasons, any such class includes members who have suffered no injury.   Moreover, any class purportedly limited to allegedly injured members would not be ascertainable within the meaning of Rule 23.

62.     The assertions of this paragraph do not require an admission or denial but are denied.

63.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, Thayer denies the allegations of this paragraph.  It specifically is denied that Plaintiff's claims are appropriate for class treatment.

64.     Denied.  The allegations in this paragraph and its subparts constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, Thayer denies the allegations of this paragraph.  Thayer specifically denies that Plaintiff can establish commonality, predominance, or the other requirements of Rule 23, and further denies that it has acted improperly or unlawfully in any way.

65.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, Thayer denies the allegations of this paragraph.   Thayer specifically denies that Plaintiff's claims are typical of the putative class

members or the other criteria under Rule 23.  Thayer further denies that it engaged in any "wrongful conduct" or that any purported class members suffered any damages.

66.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, Thayer denies the allegations of this paragraph.  Thayer specifically denies that Plaintiff can establish adequacy or the other requirements of Rule 23.

67.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, Thayer denies the allegations of this paragraph.  Thayer specifically denies that Plaintiff can establish superiority or the other requirements of Rule 23, and further denies that putative class members have suffered "damages or other financial detriment."

68.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, Thayer denies the allegations of this paragraph.  Thayer further denies that the equitable relief Plaintiff seeks can be determined on a class-wide basis or that the equitable claims are suitable for the class device, including, among other reasons, to the extent Plaintiff's claims for equitable relief have been dismissed from this action.

69.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations

of this paragraph are deemed in whole or in part to be factual, Thayer denies the allegations of this paragraph.

## COUNT I

70.     Thayer incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein.

71.     Admitted in part, denied in part.  Thayer Admits that Plaintiff purports to bring this Count individually and on behalf of a "Missouri Class."  Thayer denies this claim is suitable for class treatment.

72.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

73.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

74.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

75.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

76.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

77.     Denied. To the extent a response is required, Thayer lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations regarding Plaintiff's individual expectations, personal knowledge, and subjective reasons for purchasing the Products and therefore denies the allegations.

78.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

79.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. Thayer specifically denies that Plaintiff or any member of the class paid a "premium" attributable to any statement that the Products are "natural."

80.     Denied. To the extent a response is required, Thayer lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations regarding Plaintiff's individual expectations, personal knowledge, and subjective reasons for purchasing the Products and therefore denies the allegations.

81.     Denied. To the extent a response is required, Thayer lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations regarding Plaintiff's individual expectations, personal knowledge, and subjective reasons for purchasing the Products and therefore denies the allegations.

82.     Denied. Furthermore, to the extent the allegations in this paragraph concern lack of disclosures, such claims have been dismissed, and thus any such claims are not properly before this Court.

83.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

84.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

85.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.  Additionally, Thayer denies that Plaintiff or any individual purported class member is entitled to damages including, without limitation, statutory damages, treble damages, attorneys' fees and costs, or any additional relief.

86.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.  Additionally, Thayer denies that Plaintiff or any individual purported class member suffered an injury, will suffer an injury, or is entitled to injunctive relief.

87.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.  Furthermore, to the extent the allegations in this paragraph concern omissions, such claims have been dismissed, and thus any such claims are not properly before this Court.

88.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

89.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, Thayer specifically denies that Plaintiff or any member of the class paid a "premium" attributable to any statement that the Products "do not have the characteristics, uses, or benefits . . . promised."  The allegations are denied.

90.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.  Additionally, Thayer denies that Plaintiff or any individual purported class member is entitled to damages including, without limitation, statutory damages, treble damages, attorneys' fees and costs, or any additional relief.

## COUNT II

91.     Thayer incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein.

92.      Admitted in part, denied in part.  Thayer admits that Plaintiff purports to bring this Count individually and on behalf of a "proposed Class."  Thayer denies that this claim is suitable for class treatment.

93.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

94.     Denied.  The allegations in this paragraph constitute conclusions of law, which are deemed denied and to which no response is required.  To the extent a response is required, Thayer lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations regarding Plaintiff's and each purported class member's individual expectations and subjective reasons for purchasing the Products and therefore denies the allegations.

95.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

96.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

97.     Denied. By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

98.     Denied. By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

**COUNT III**

99.     Thayer incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein.

100.     Admitted in part, denied in part.  Thayer admits that Plaintiff purports to bring this Count individually and on behalf of a "proposed Class."  Thayer denies that this claim is suitable for class treatment.

101.    Admitted in part, denied it part.  Thayer admits only that, for a period of time, it sold and distributed the Products.  The remaining allegations in this paragraph constitute conclusions of law, which are deemed denied and to which no response is required.

102.    Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

103.    Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

104.    Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

105.    Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

106.    Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

107.    Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied. By way of further response, the referenced letter is a written document that speaks for itself and any characterization thereof is denied.

108.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

109.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

## COUNT IV

110.     Thayer incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein.

111.     Admitted in part, denied in part.  Thayer admits that Plaintiff purports to bring this Count individually and on behalf of a "proposed Class."  Thayer denies that this claim is suitable for class treatment.

112.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

113.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

114.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

115.    Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

**116.**    Denied. By way of further response, Thayer denied that Plaintiff or any other individual purported class member is entitled to any relief.

<u>**AFFIRMATIVE DEFENSES**</u>

Without assuming any burden of proof to which Thayer is not otherwise subject under the law, Thayer asserts and alleges the following additional defenses to Plaintiff's claims:

1.    Plaintiff's CAC fails to set forth a cause of action upon which relief may be granted.

2.    Plaintiff and the putative class members lack standing to assert the claims alleged in the CAC.

3.    All claims regarding font size of the ingredient list on a Thayer's product label were dismissed by this Court pursuant to its Memorandum Opinion and Order dated July 22, 2021, and therefore are barred.

4.    All claims regarding the need to include disclaimers on a Thayer's product label were dismissed by this Court pursuant to its Memorandum Opinion and Order dated July 22, 2021, and therefore are barred.

5.    All claims regarding identification of which ingredients are "synthetic" and which are "natural" on a Thayer's product label were dismissed by this Court pursuant to its Memorandum Opinion and Order dated July 22, 2021, and therefore are barred.

6.    All claims regarding Thayer's online statements were dismissed by this Court pursuant to its Memorandum Opinion and Order dated July 22, 2021, and therefore are barred.

7.     All claims asserted by Plaintiff as an individual based on products that she did not purchase were dismissed by this Court pursuant to its Memorandum Opinion and Order dated July 22, 2021, and therefore are barred.

8.     All claims of Plaintiff and putative class members are barred in whole or in part by the doctrine of laches.

9.     All claims of Plaintiff and putative class members are barred in whole or in part by the doctrines of estoppel and waiver.

10.     All claims of Plaintiff and the putative class members are barred in whole or in part by the voluntary payment doctrine.

11.     Plaintiff's claims and the claims of putative class members are or may be barred because of Plaintiff's failure to join necessary and indispensable parties.

12.     Neither Plaintiff nor the putative class members have been injured or otherwise suffered any loss or damage in any manner by any conduct, acts, or omissions of Thayer.

13.     The injuries, if any, sustained by Plaintiff and putative class members were caused or contributed to by the neglect, misuse, fault, and want of due care of Plaintiff and putative class members, by intervening factors or causes, or by others for whose actions, omissions, or breach of legal duty Thayer is not liable.

14.     While denying the allegations of Plaintiff and putative class members with respect to liability, the acts of Thayer were not a proximate cause of any injuries to Plaintiff or putative class members.

15.     Upon information and belief, Plaintiff and putative class members failed to mitigate or otherwise act to lessen or reduce the injuries and damages alleged in the CAC.

16.     Thayer is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statutes of any applicable states, or any other applicable

law.  Thayer is absolved from any and all liability for the wrongs alleged in the CAC by reason of its full compliance with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the CAC.

17.     Thayer's business practices and conduct, including, but not limited to, any labeling and marketing, comply with and may be expressly authorized by the law of the jurisdiction in which Plaintiff and each putative class member resides.

18.     Thayer alleges, without admitting any liability whatsoever, that at all times Thayer's actions were undertaken in good faith to advance legitimate business interests.

19.     Plaintiff cannot satisfy the requisite elements of numerosity, predominance of common questions of law and fact, typicality, adequacy, superiority and ascertainability to sustain a class action under Fed. R. Civ. P. 23(a), 23(b)(2) and/or 23(b)(3).

20.     Plaintiff's and each putative class member's claims are so unique, individual, and based on the specific conditions existing with regard to Plaintiff's and each putative class member's individualized experience and purchasing decision that the certification of any class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3) would be contrary to the requisite elements necessary to justify a class action and violative of Thayer's rights.

21.     Thayer fully discloses the contents of its products and disclaims Thayer's liability for any damages relating to Plaintiff's and putative class members' claims alleged in the CAC.

22.     Plaintiff's claims and those of putative class members are barred by applicable statutes of limitations.

23.     Plaintiff's claims and the claims of putative class members do not entitle them to: actual, general, special, incidental, statutory, treble, or other multiple, punitive, or consequential damages; pre-judgment and post-judgment interest; injunctive and/or declaratory relief; and/or attorneys' fees and costs.

24.     Plaintiff and putative class members received the basis or benefit of any bargain.

25.     The Court lacks personal jurisdiction over Thayer with respect to the claims of any putative class members who do not reside in Missouri and whose claims bear no connection with the State.

26.     Thayer reserves the right to amend this pleading to assert additional defenses upon discovery of the specific facts upon which Plaintiff and/or the putative class members base their claims for relief, and upon completion of further discovery.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Defendant Henry Thayer Company, Inc. respectfully requests that this Court determine that the claims alleged herein may not be maintained as a class action under Rule 23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, and issue an order denying certification of the proposed class and refusing to designate Plaintiff's counsel as counsel for the proposed class; dismiss the CAC with prejudice and determine that Plaintiff and the putative class members are not entitled to any relief, including, without limitation, that for which they have prayed; and enter judgment in Thayer's favor, together with costs, attorney's fees, and such other relief as the Court may deem just and proper.

Dated:  October 27, 2021

Respectfully submitted,

*/s/ John K. Gisleson*
John K. Gisleson, Esquire
(*Pro Hac Vice*) #62511(PA)
Katherine A. Vaky, Esquire
(*Pro Hac Vice*) #329291(PA)
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre
Thirty-Second Floor
Pittsburgh, PA  15219-6401
(412) 560-3300 (telephone)
(412) 560-7001 (facsimile)
john.gisleson@morganlewis.com
katherine.vaky@morganlewis.com

Franco A. Corrado, Esquire
(*Pro Hac Vice*) #91436 (PA)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
(215) 963-5000 (telephone)
(215) 963-5001 (facsimile)
franco.corrado@morganlewis.com

J. Yasmin Tayyab, Esquire #66820(MO)
MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street
Dallas, TX 75201
(214) 466-4000 (telephone)
(214) 466-4001 (facsimile)
yasmin.tayyab@morganlewis.com

*Attorneys for Defendants Henry Thayer*
*Company, Inc. and L'Oréal USA, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 27, 2021, the forgoing **HENRY THAYER COMPANY'S AND L'ORÉAL USA, INC. ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** was electronically filed with the Clerk of Court for the Eastern District of Missouri using the CM/ECF system, which will send notification of such filing to all registered counsel of record.

*/s/ John K. Gisleson*
John K. Gisleson